SUMMARY ORDER
Plaintiffs-Appellants JAV Auto Center, Inc. d/b/a Monroe Automotive (“Monroe”) and John Vest appeal from the order and judgment of the United States District Court for the Southern District of New York granting summary judgment to Defendants-Appellees William A. Behrens and the New York State Thruway Authority on the plaintiffs’ First Amendment retaliation and class-of-one Equal Protection *177 claims. On appeal, the plaintiffs argue that the district court erred by concluding that (1) there was insufficient evidence of retaliation; (2) certain alleged evidence of retaliation was inadmissible hearsay; (3) there was insufficient evidence that the plaintiffs were singled out by the defendants for differential treatment; and (4) Engquist v. Oregon Department of Agriculture, 553 U.S. 591, 128 S.Ct. 2146, 170 L.Ed.2d 975 (2008), bars the plaintiffs’ class-of-one claim. We assume the parties’ familiarity with the factual and procedural history of the case.
“We review de novo a district court’s grant of summary judgment.” Coan v. Kaufman, 457 F.3d 250, 254 (2d Cir.2006). “[Cjonstruing the evidence in the light most favorable to the nonmoving party,” Mitchell v. Shane, 350 F.3d 39, 47 (2d Cir.2003), we may affirm only “if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.” Fed.R.Civ.P. 56(c).
With respect to the plaintiffs’ First Amendment retaliation claim, we agree with the district court that the plaintiffs did not produce sufficient evidence of retaliation to raise a triable issue of material fact because “the documents [submitted by the plaintiffs](even with the annotations) do not establish [that] Monroe was treated differently or unfairly compared to other companies,” in light of the fact that the documents do not show that the circumstances of the other companies “were similar to the circumstances of Monroe.” JAV Auto Ctr. v. Behrens, No. 05 Civ. 6503(CS)(GAY), slip op. at 9 (S.D.N.Y. Oct. 7, 2008). We also agree with the district court that “even if [Kevin Cleary’s] statement were admissible, it does not support the proposition that there is a causal link between Plaintiff Vest’s protected speech and the termination of Monroe.” Id. at 8. The district court’s dismissal of the plaintiffs’ First Amendment claim was therefore proper.
We assume without deciding that Engquist does not bar the plaintiffs’ class-of-one Equal Protection claim. Because, as noted, we agree with the district court that “the documents [submitted by the plaintiffs in opposition to the motion for summary judgment](even with the annotations) do not establish [that] Monroe was treated differently or unfairly compared to other companies,” id. at 9, we also agree that the plaintiffs have not proffered evidence that raises a triable issue of material fact with respect to the Equal Protection claim.
For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.